UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN J. MURPHY, | : |
| | : |
| Plaintiff | : NO. 3:06-cv-793 (MRK) |
| | : |
| v. | : |
| | : |
| | : |
| CORPORATE EXPRESS OFFICE | : |
| PRODUCTS, INC., | : |
| | : |
| Defendant. | : |

**RULING AND ORDER**

Presently pending before the Court is Defendant's Motion to Dismiss [doc. # 15] this action for lack of subject matter jurisdiction under Rule 12(b)(1) of the *Federal Rules of Civil Procedure*. Mr. Murphy, a Connecticut resident, currently works for W.B. Mason, a competitor of Defendant Corporate Express Office Products, Inc. ("Corporate Express"), a Delaware corporation based in Colorado. Mr. Murphy previously worked for Corporate Express and while there signed a Non-Competition and Confidentiality Agreement (the "Agreement") that purports to impose certain confidentiality obligations on him and to restrict his solicitation of customers and employees of Corporate Express. In May, 2006, Corporate Express sent Mr. Murphy's lawyer a letter asserting that Mr. Murphy had solicited customers from Corporate Express in violation of the Agreement, demanding that he cease violating the Agreement and stating that unless he complied with his obligations under the Agreement, Corporate Express could take legal action to enforce its rights under the Agreement. *See* Complaint [doc. # 1], Exhibit A.

Shortly thereafter, Mr. Murphy filed this diversity action seeking a declaratory judgment that, among other things, the Agreement is not enforceable and that he has not violated the Agreement. Apparently, Mr. Murphy is not alone in leaving Corporate Express to join W.B. Mason or in contesting the validity of the Agreement. Corporate Express states in its motion that a dozen former Corporate Express employees now working for W.B. Mason have brought actions against Corporate Express challenging the Agreement. Cases are currently pending against Corporate Express in the state courts of Massachusetts, New York, and New Jersey. In addition, Corporate Express has sued four former employees (not including Mr. Murphy) in New Jersey Superior Court to enforce the Agreement.

Corporate Express urges this Court to dismiss this action for lack of subject matter jurisdiction because Mr. Murphy's "anticipatory" action has deprived Corporate Express of the ability to choose the appropriate forum for this dispute and because all of the lawsuits challenging the Agreement should be centered in one jurisdiction – namely, New Jersey state court. In support of its contentions, Corporate Express cites cases in which courts have noted the anticipatory nature of a declaratory judgment action in weighing the various factors that determine whether a court will apply the so-called "first-filed rule." *See, e.g.*, *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983); *One World Botanicals LTD v. Gulf Coast Nutritionals, Inc.*, 987 F. Supp. 317 (D. N.J. 1997). Corporate Express also points out that "even when a district court has subject matter jurisdiction, it is not required to declare the rights and relations of parties . . . . Instead, district courts have wide discretion to decline to hear such actions." *Essex Group, Inc. v. Cobra Wire & Cable, Inc.*, 100 F. Supp. 2d 912, 914 (N.D. Ind. 2000).

The Court takes no issue with the principles of law stated in the cases on which Corporate Express relies. The Court agrees that it retains wide discretion to decide whether to grant declaratory relief, even when it has subject matter jurisdiction over a dispute. Also, there is no doubt that in considering whether to dismiss one action in favor of another, by way of a motion to transfer or in the context of *forum non conveniens*, a court should take into account whether a declaratory plaintiff's first-filed action was anticipatory and/or the product of forum-shopping. *See One World,* 987 F. Supp. at 327-28. Finally, the Court has no doubt that it would be most sensible from the point of view of judicial resources and party expense to litigate common issues among Corporate Express, W.B. Mason and the former employees in a single forum.[1]

The difficulty the Court has with Corporate Express' motion is not the legal principles cited but the application of those principles to this case. For, unlike the cases cited, there is no other action pending between these parties to which the Court could defer. In each of the cases, cited there were two actions pending between the parties, usually filed shortly after one another, and a court was called upon to decide which forum was more appropriate. In that calculus, it was certainly appropriate to consider whether the first-filed action was anticipatory, though the Court emphasizes that in each case the courts considered many other factors, such as the residence of the plaintiff, the location of witnesses, and the like. That is, contrary to the suggestion in Corporate Express's brief, the lone, determinative fact of these cases was not that a declaratory judgment action had been filed in anticipation to secure a particular forum; rather, that fact was only one of several equitable factors

---

[1] The Court notes in this regard that the Corporate Express Agreement, which presumably was drafted by Corporate Express does not contain a forum selection clause. Therefore, it appears to the Court that Corporate Express understood or at least assumed the risk that it might have to litigate issues regarding the Agreement in the various forums in which its former employees live.

the courts considered in exercising their discretion whether to keep, transfer, or dismiss the action before them.  *See Factors*, 579 F.2d at 219.

Here, a Connecticut resident who worked for Corporate Express in Connecticut and now works for W.B. Mason in Connecticut and deals with Connecticut customers has sued in a court that clearly has both subject matter jurisdiction over the dispute (since there is no question that jurisdiction is proper under 28 U.S.C. § 1332) and personal jurisdiction over all parties.  There is no other action pending between the parties, let alone two actions filed within only a brief period of time, as was true in each of the cases cited by Corporate Express.  Nor does the Court have any information to suggest that a New Jersey state court (where personal jurisdiction over Mr. Murphy might be problematic) is a more convenient forum for witnesses or a more appropriate forum to resolve a dispute involving a Connecticut resident who at all relevant times worked in Connecticut.  In this regard, the Court notes that Corporate Express itself has in the past sued Connecticut-based former employees in Connecticut.  *See Corporate Express Office Prods., Inc. v. Yesu, et al*, Civil Action No. 3:04-cv-466 (CFD).  Therefore, the Court does not believe that there is any basis for it to dismiss this action for lack of subject matter jurisdiction.

Of course, the Court's ruling does not mean that it will grant any or all of the declaratory relief sought by Mr. Murphy.  Furthermore, the Court has already exhorted counsel for the parties to see if they can agree upon a common forum for resolving all claims involving the dozen former Corporate Express employees who have challenged the Agreement.  It is apparent to the Court that selecting a single forum would be in the best interest of everyone involved, including the courts of New Jersey, New York, Massachusetts and Connecticut.  Nothing in this decision should dissuade the parties and W.B. Mason from agreeing upon such a sensible course of action.

For the reasons stated, the Court DENIES Defendant's Motion to Dismiss [doc. # 15].

                              IT IS SO ORDERED,

                            /s/      Mark R. Kravitz
                                  United StatesDistrict Court

Dated at New Haven, Connecticut: **August 31, 2006.**